# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No.  CV 15-05347 JLS (AJW)                                     Date:  November 17, 2015

**Title: Nis Shawn Murphy v. Dep't of Children & Family Services, et al.**
================================================

PRESENT:              HON.   **ANDREW J. WISTRICH**, MAGISTRATE JUDGE

      Ysela Benavides
        Deputy Clerk                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
    None Present                                           None Present

**Order to Show Cause re Service of Summons and Complaint**

For the reasons described below, plaintiff is directed to show cause, if any there be, why her claims against unserved defendants Roxanne Brooks, Eric Wexler, Patricia Wood, and CSW Somers should not be dismissed under Federal Rule of Civil Procedure 4(m).  **Plaintiff may attempt to show cause by filing a declaration under penalty of perjury no later than Friday, December 4, 2015.**

Plaintiff filed a civil rights complaint pro se and in forma pauperis ("IFP") on July 15, 2015.  An order for service of process by the United States Marshal ("USM") was filed on July 23, 2015.  On September 15, 2015, the USM filed process receipt and return forms ("process returns") indicating that it had been unable to serve named defendants Brooks, Wexler, Wood, and Somers based on the information plaintiff provided. [See Docket Nos. 13-19].  Those process returns were served on plaintiff at her address of record, but she has taken no further action to assist the USM in serving those defendants.

If a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). A plaintiff proceeding pro se and IFP "is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them" under 28 U.S.C. § 1915 and Rule 4.  Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990).  "So long as the [plaintiff] has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause'" for extension of the 120-day period under Rule 4(m). Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994) (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995)).

When advised of a problem in accomplishing service, a pro se litigant proceeding in forma pauperis must "attempt to remedy any apparent service defects of which [the plaintiff] has knowledge." Puett,

912 F.2d at 274-275 (quoting and citing with approval Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir.1987)). If service cannot be accomplished due to the pro se plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal is appropriate. See Walker, 14 F.3d at 1421-1422 (holding that a prisoner failed to show cause why his claims against a prison official should not be dismissed under Rule 4(m) where the prisoner failed to show "that he provided the marshal with sufficient information to serve [the defendant]"); Puett, 912 F.2d at 276 (vacating dismissal under Rule 4(m) and remanding for proper service by the U.S. Marshal where the record revealed that the lack of timely service "was certainly not due to [the plaintiff's] neglect" because "[h]e conscientiously took numerous steps to ensure that the defendants would be served").

**Plaintiff is cautioned that failure to respond to this order within the time allowed, or failure to show good cause as described in this order, may lead to the dismissal of her claims against the unserved defendants.**

**IT IS SO ORDERED.**
cc:     Parties