UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NIS SHAWN MURPHY,<br><br>    Plaintiff,<br><br>    v.<br><br>DEP'T OF CHILDREN & FAMILY, SERVICES, et al.,<br><br>    Defendants. | No. CV 15-05347 JLS (AJW)<br><br>**ORDER DISMISSING ACTION** |

Plaintiff, a non-prisoner, filed a complaint pro se and in forma pauperis on July 15, 2015 alleging claims for monetary and equitable relief under 42 U.S.C. § 1983. The named defendants are the Los Angeles County Department of Children and Family Services, Phillip Browning ("Browning"), Marta Marquez ("Marquez"), Roxanne Brooks ("Brooks"), Erick Wexler ("Wexler"), Patricia Wood ("Wood"), and CSW Sowers ("Sowers"). [Docket No. 1]. The individual defendants were sued in their individual and official capacities. The Court issued an order directing the United States Marshal to serve the summons and complaints on defendants. [Docket No. 6].

Defendants County of Los Angeles (the "County"), Browning, and Marquez filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The Court issued an order setting a briefing schedule. [Docket No. 22]. After plaintiff requested an extension of time, the Court issued an order extending plaintiff's deadline to file opposition to the motion to

November 5, 2015. [Docket No. 24]. Both orders included the following warning:

> The parties are cautioned that the Court may decline to consider any memorandum or other paper not filed within the deadline. **The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, or may result in the dismissal of this action without prejudice for failure to prosecute, failure to comply with the Court's order, or failure to comply with the local rules**. C.D. Cal. Local R. 7-9, 7-12; see also C.D. Cal. Local R. 83-2.2.4 (a pro se litigant's failure to comply with the local and federal rules may be ground for dismissal or judgment by default); see also Fed. R. Civ. P. 41(b) (authorizing dismissal of an action for failure to prosecute or to comply with the federal rules or a court order);Link v. Wabash R.Co., 370 U.S. 626, 629-630 (1962) (affirming dismissal for failure to prosecute); Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.) (per curiam) (affirming dismissal for failure to follow local rule), cert. denied, 516 U.S. 838 (1995).

[Docket Nos. 22, 24 (emphasis in original)].

Plaintiff did not timely oppose the motion to dismiss. Defendants filed a notice advising the court of plaintiff's failure to file and serve a timely opposition. [Docket No. 25].

The United States Marshal filed process receipts indicating that marshals were unable serve defendants Wexler, Wood, Sowers and Brooks with the summons and complaint based upon the information plaintiff provided.[1] [Docket Nos. 13-19]. On November 15, 2015, an order to show cause ("OSC") was issued directing plaintiff to show cause why her claims against Wexler, Wood, Sowers and Brooks should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. The OSC included the following warning: "**Plaintiff is cautioned that failure to respond to this order within the time allowed, or failure to show good cause as described in this order, may lead to the dismissal of her claims against the unserved defendants.**" [Docket No. 26]. Plaintiff did not show cause or otherwise respond to the OSC within the time allowed.

---

[1] Defendant Brooks was served in her official capacity as a County social worker, but not in her individual capacity. [Docket Nos. 10, 15].

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); C. D. Cal. Local R. 7-12, 41-1; Link v. Wabash R. Co., 370 U.S. 626, 629-630 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630.

Under Local Rule 7-12, "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." The Ninth Circuit has upheld the dismissal of an action for failure to file opposition to a motion to dismiss pursuant to a similar local rule. See Ghazali, 46 F.3d at 53 (holding that where the plaintiff failed to file an opposition to a motion to dismiss, the district court did not abuse its discretion in dismissing the action pursuant a local rule stating that a party's failure to file an opposition to a motion "shall constitute a consent to the granting of the motion"). A plaintiff's pro se status does not excuse noncompliance with the national or local rules. See generally Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007) ("[A] pro se litigant must 'abide by the rules of the court in which he litigates.'") (quoting Carter v. Comm'r, 784 F.2d 1006, 1008 (9th Cir. 1986)); C.D. Cal. Local R. 83-2.10.3 ("Compliance With Federal Rules. Any person appearing pro se will be required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P.").

In determining whether to dismiss a case for failure to prosecute, failure to comply with court orders, or failure to comply with a rule, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liability Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (same), cert. denied, 538 U.S. 909 (2003); see, e.g., Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir.

2004) (failure to comply with discovery orders); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute), cert. denied, 523 U.S. 1007 (2001); Ghazali, 46 F.3d at 53 (failure to follow local rule). Regardless of whether a litigant's conduct is most properly characterized as failure to prosecute or to comply with a court order or a rule, the applicable standard is the same.

The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Pagtalunan, 291 F.3d at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." In re PPA Prod. Liab. Litig., 460 F.3d at 1227. "[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket." In re PPA Prod. Liab. Litig., 460 F.3d at 1234.

The second factor—the court's need to manage its docket—also favors dismissal. See Pagtalunan, 291 F.3d at 642 (holding that this factor weighed in favor of dismissal where the plaintiffs' habeas petition "consumed some of the court's time that could have been devoted to other cases on the docket"); Ferdik, 963 F.2d at 1261 (noting the importance of "preserv[ing] the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

The third factor—prejudice to the defendants or respondents—supports dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (citing Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)); see Henderson v. Duncan, 779 F.2d 1421 1425 (9th Cir. 1986) ("[A]lthough no specific showing of prejudice to defendants is made, the integrity of the district court is involved. In this case, the district court did warn explicitly of the consequences of counsel's dilatory behavior . . . .").

The fourth factor—the availability of less drastic sanctions—also supports dismissal. Three separate orders explicitly warned plaintiff that failing to timely file opposition to the motion to

dismiss or failing to timely respond to the OSC could result in dismissal. See In re PPA Prod. Liability Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."); Computer Task Group, Inc., 364 F.3d at 1116-1117 (noting that the disobedient party "had sufficient notice that continued refusal to cooperate would lead to terminating sanctions"); see also Anderson, 542 F.2d at 525 ("There is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that obligation.

The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five factors must support dismissal. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal). Four of the five factors support dismissal.

A court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, this action is dismissed with prejudice.

**IT IS SO ORDERED.**

January 14, 2016

JOSEPHINE L. STATON
United States District Judge

-5-